# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
JOEL RANCE COOPER,                  *
as Personal Representative          *
of the Estate of CYNTHIA COOPER,    *
                                    *   No. 16-1476V
               Petitioner,          *   Special Master Christian J. Moran
                                    *
v.                                  *
                                    *   Filed: June 29, 2018
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *   Attorneys' fees and costs
                                    *
               Respondent.          *
* * * * * * * * * * * * * * * * * * *
```

Amber D. Wilson, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner;
Voris Johnson, United States Department of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS**[1]

Joel Rance Cooper prevailed in a claim brought in the National Childhood Vaccine Compensation Program. He is now seeking an award for attorneys' fees and costs. He is awarded $34,398.12.

\*      \*      \*

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Represented by attorney Amber Wilson, Cynthia Cooper filed a petition on November 8, 2016, alleging that a diphtheria-tetanus-acellular pertussis vaccination caused her to suffer from Guillain-Barré syndrome. Ms. Cooper died while this action was pending and Mr. Cooper became the petitioner. The parties submitted a proffer that was incorporated by a decision. Decision, 2017 WL 5337154 (Oct. 17, 2017).

On February 27, 2018, Mr. Cooper filed a motion for an award of attorneys' fees and costs. The motion seeks a total of $34,398.12, comprised of $24,011.10 in attorneys' fees, $1,387.02 in costs borne Ms. Wilson's firm, and $9,000.00 in attorneys' fees connected to Ms. Cooper's estate. Mr. Cooper did not incur any costs personally.

The Secretary filed a response to Mr. Cooper's motion. The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed March 8, 2018, at 2. With respect to the amount, the Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

Mr. Cooper filed a reply. To the extent that Mr. Cooper is arguing that the Secretary has waived any objection (see Pet'r's Reply at 2), that argument has been rejected. See McIntosh v. Sec'y of Health & Human Servs., No. 16-29V, slip op. (June 14, 2018). This matter is now ripe for adjudication.

*   *   *

Because Mr. Cooper received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

**I.     Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial

calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

### A. Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, Ms. Wilson's work was done inside of the District of Columbia. See exhibit 23 (Ms. Wilson's affidavit) ¶ 10.

Mr. Cooper requests compensation for one attorney (Ms. Wilson) and seven paralegals. (Six paralegals performed very little work on this case with each of the six charging less than one hour.) The proposed rate for Ms. Wilson's work in 2016 is $275 per hour and this rate has been found reasonable. Solomon v. Sec'y of Health & Human Servs., No. 14-748V, 2016 WL 8257673, at *6-7 (Fed. Cl. Spec. Mstr. Oct. 27, 2016). The proposed rate for Ms. Wilson's work in 2017 is $290 per hour and this rate has been found reasonable. Anthony v. Sec'y of Health & Human Servs., No. 15-636V, 2017 WL 4898932 (Fed. Cl. Spec. Mstr. Oct. 6, 2017). The proposed rate for Ms. Wilson's work in 2018 is $308 per hour and this rate is also reasonable. Similarly, the rates for the paralegals are also reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records

on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

The entries from the attorneys, paralegal, and legal assistant generally describe the activities with sufficient detail that the reasonableness of the work may be assessed. The activities and the time spent on them are reasonable.[2]

A potential concern is the amount of time Ms. Wilson spent reviewing documents associated with damages. See entries for April 25, 2017; April 27, 2017; August 3, 2017; August 8, 2017; and September 8, 2017. It appears that Ms. Wilson could have delegated some of these tasks to paralegals. However, it is not clear that this delegation would have saved any money because the paralegals might have spent more time. In addition, the Secretary has not objected. Consequently, Ms. Wilson's time is credited in full.

For these reasons, Mr. Cooper is award the entire amount requested in attorneys' fees: $24,011.10.

## II.   Costs

In addition to seeking an award for attorneys' fees, Mr. Cooper seeks compensation for costs expended, totaling $10,387.02. The costs of $1,387.02, for routine items such as medical records and the filing fee, are reasonable and adequately documented. Mr. Cooper is awarded them in full.

The balance ($9,000) is for the work of an attorney's work on an estate for Ms. Cooper. See exhibits 20-21. The Secretary has not interposed any specific objection to this item. "A case is decided on the issues formally advanced by the parties in their briefs." Howell v. Merit Sys. Prot. Bd., 785 F.2d 282, 285 (Fed. Cir. 1986), cited in Abbott v. Sec'y of Health & Human Servs., 19 F.3d 39 (Fed.

---

[2] The motion represents that "not all tasks performed on behalf of Petitioner in this matter were billed or detailed." Pet'r's Mot. at 2, ¶ 6. If this assertion is being offered to suggest that the petitioner's attorney exercised some billing judgment, the assertion is not particularly helpful. A more useful method would be to record the activity and to show "no charge" in the invoice.

Cir. 1994) (table) (text in Westlaw, 1994 WL 32656).  In any event, the amount requested is reasonable.

For these reasons, Mr. Cooper is awarded $10,387.02 in attorneys' costs.

\*   \*   \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  §15(e).  The undersigned finds $34,398.12 ($24,011.10 in fees and in $10,387.02 costs) to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards in $34,398.12 attorneys' fees and costs.  This shall be paid as follows:

a. **A lump sum of $25,398.12 in the form of a check made payable to petitioner and petitioner's attorney, Amber Wilson, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and**

b. **A lump sum of $9,000.00 in the form of a check made payable to petitioner and the attorney for the estate, Bobby Lee Odom, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.